HARMEET K. DHILLON
Assistant Attorney General
Civil Rights Division

ROBERT J. KEENAN
Acting Deputy Assistant Attorney General
Civil Rights Division

ERIC V. NEFF
Acting Chief, Voting Section
Civil Rights Division

JOHN R. CASALI (DC Bar No. 90037584)
RAYMOND YANG (CA Bar No. 354515)
Trial Attorneys, Voting Section
Civil Rights Division
4 Constitution Square
150 M Street NE, Room 8.135
Washington, D.C. 20002
Email: john.casali@usdoj.gov
Tel. (202) 316-8087

*Attorneys for the United States*

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF IDAHO

|  |  |
|---|---|
| THE UNITED STATES OF AMERICA, | |
| Plaintiff, | Case No.: |
| v. | **COMPLAINT** |
| PHILIP MCGRANE, in his Official Capacity as IDAHO SECRETARY OF STATE | |
| Defendant. | |

## COMPLAINT

1.    Title III of the Civil Rights Act of 1960 ("CRA") imposes a "sweeping" obligation on election officials, *Kennedy v. Lynd*, 306 F.2d 222, 226 (5th Cir. 1962), to "retain and preserve . . . *all* records and papers which come into [their] possession relating to any application, registration, payment of poll tax, or other act requisite to voting in such election," 52 U.S.C. § 20701 (emphasis added).

2.    Title III likewise grants the Attorney General the sweeping power to obtain these records: "Any record or paper required by [section 301] of this title to be retained and preserved shall, upon demand in writing by the Attorney General or [her] representative directed to the person having custody, possession, or control of such record or paper, be made available for inspection, reproduction, and copying at the principal office of such custodian by the Attorney General or [her] representative." 52 U.S.C. § 20703. The written demand "shall contain a statement of the basis and the purpose therefor." *Id.*

3.    If the custodian to whom the written demand is made refuses to comply, the CRA requires "a special statutory proceeding in which the courts play a limited, albeit vital, role" in assisting the Attorney General's investigative powers. *Lynd*, 306 F.2d at 225. The Attorney General or her representative may request a federal court to issue an order directing the officer of election to produce the demanded records, akin to "a traditional order to show cause, or to produce in aid of an order of an administrative agency." *Id.*

4.    In this "summary" proceeding, *In re Gordon*, 218 F. Supp. 826, 826-27 (S.D. Miss. 1963), the Attorney General need only show that she made a "written demand," *Lynd*, 306 F.2d at 226, for records covered by Section 301 of the CRA and that "the person against whom an order for production is sought . . . has failed or refused to make such papers 'available for inspection,

**COMPLAINT**                                                                                                 2

reproduction, and copying,'" *id.* (quoting 52 U.S.C. § 20703). The court does not adjudicate any further: "[T]he factual foundation for, or the sufficiency of, the Attorney General's 'statement of the basis and the purpose' contained in the written demand . . . is not open to judicial review or ascertainment. Nor is the scope of the order to produce . . . ." *Id.*

## I.    JURISDICTION AND VENUE

5.    This Court has jurisdiction over this action under 28 U.S.C. §§ 1331, 1345, and 2201(a); and 52 U.S.C. § 20705.

6.    Venue is proper in this District pursuant to 28 U.S.C. § 1391(b) because a substantial part of the events or omissions giving rise to the United States' claims occurred in this District, and the Defendant is located in and conducts election administration activities in this District.

## II.    PARTIES

7.    Plaintiff is the United States. The Attorney General has authority to enforce various federal election statutes, including the CRA, see 52 U.S.C. § 20701, *et. seq.*, and the Help America Vote Act ("HAVA"), 52 U.S.C § 21081, *et. seq.*

8.    Defendant Idaho Secretary of State, Philip McGrane ("Secretary McGrane"), is sued in his official capacity as the chief election official responsible for coordinating and maintaining Idaho's compliance under the CRA and HAVA. Idaho Code § 34-201.

## III.    BACKGROUND

9.    This proceeding arises from the Attorney General's investigation into Idaho's compliance with federal election law, particularly the CRA and HAVA.

10.    HAVA requires States to maintain and preserve certain records and papers that fall within the scope of Section 301 of Title III of the CRA.

**COMPLAINT**                                                                                                3

## A.  The Help America Vote Act

11.    HAVA requires all States to maintain and administer "a single, uniform, official, centralized, interactive computerized statewide voter registration list" that contains "the name and registration information of every legally registered voter in the State and assigns a unique identifier to each legally registered voter in the State." 52 U.S.C. § 21083(a)(1)(A).

12.    HAVA further establishes "[m]inimum standard[s] for accuracy of State voter registration records," 52 U.S.C. § 21083(a)(4), and prohibits States from processing voter-registration applications without obtaining and verifying certain identifying information from the applicants, namely, a driver's license number for those who possess a valid one, the last four digits of a social security number for those who do not possess a valid drivers' license, and for those who have neither, a unique identifier, 52 U.S.C. § 21083(a)(5)(A).

## B.  The Civil Rights Act of 1960

13.    Congress empowered the Attorney General to request records pursuant to Title III of the CRA, codified at 52 U.S.C. § 20701, *et seq.*

14.    Section 301 of the CRA requires state and local officials to retain and preserve records related to voter registration and other acts requisite to voting for any federal office for a period of twenty-two months after any federal general, special, or primary election. *See* 52 U.S.C. § 20701, *et seq.*

15.    Section 303 of the CRA provides, in pertinent part, "[a]ny record or paper required by [52 U.S.C. § 20701] of this title to be retained and preserved shall, upon demand in writing by the Attorney General or [her] representative directed to the person having custody, possession, or control of such record or paper, be made available for inspection, reproduction, and copying at the principal office of such custodian by the Attorney General or [her]

**COMPLAINT**                                                                                     4

representative." 52 U.S.C. § 20703.

## IV.    FACTUAL ALLEGATIONS

16.    On September 8, 2025, the Attorney General contacted Secretary McGrane seeking information regarding Idaho's compliance with federal election laws. *See* Letter from Attorney General to Secretary McGrane ("September 8 Letter").

17.    In the September 8 Letter, the Attorney General made a demand for Idaho's statewide voter registration list ("SVRL") pursuant to Title III of the CRA. The September 8 Letter stated that the purpose of the request is to ascertain compliance with the list maintenance requirements of HAVA. *Id.*

18.    The September 8 Letter also requested that Idaho's response contain "all fields," including full name, date of birth, address, and driver's license or last four digits of social security number, required under Section 303 of HAVA. *Id.*

19.    The September 8 Letter explained to Secretary McGrane that "HAVA specifies that the 'last [four] digits of a social security number . . . shall not be considered to be a social security number for purposes of section 7 of the Privacy Act of 1974.'" 5 U.S.C. § 552a note; 52 U.S.C. § 21083(c). In addition, any prohibition of disclosure of a motor vehicle record contained in the Driver's Privacy Protection Act, codified at 18 U.S.C. § 2721(b)(1), is exempted when the disclosure is for use by a government agency in carrying out the government agency's function to accomplish its enforcement authority as the U.S. Department of Justice (DOJ) is now doing.

20.    The Attorney General's September 8 Letter asked Secretary McGrane to produce the requested information and records by encrypted email or via the U.S. Department of Justice's secure file-sharing system, Justice Enterprise File Sharing ("JEFS").

21.    After the issuance of the September 8 Letter, Secretary McGrane and the United

**COMPLAINT**                                                                                          5

States communicated back and forth regarding the demand. Secretary McGrane's office signed a DOJ file sharing access form on September 22, 2025. *See* JEFS sharing agreement between DOJ and Secretary McGrane.

22.    Secretary McGrane also sent a letter to DOJ on December 30, 2025 ("December 30 Letter"). *See* Letter from Secretary McGrane to DOJ. In the December 30 Letter, Secretary McGrane acknowledged "the Department of Justice's authority under the Civil Rights Act to request access to election-related records" and informed that his office would "remain prepared to provide the requested data." *Id*.

23.    DOJ sent Secretary McGrane a Proposed MOU, with a further statement of basis and purpose according to HAVA and the CRA, on January 28, 2026. *See* Proposed MOU from DOJ to Secretary McGrane ("Proposed MOU"). The Proposed MOU was offered to establish the parties' understanding as to the security protections for data transfer and access and explicitly stated that the SVRL data received would be "maintained consistent with the Privacy Act of 1974, 5 U.S.C. § 552a." *Id*.

24.    However, on February 26, 2026, Secretary McGrane refused the Attorney General's demand. *See* February 26 Letter from Secretary McGrane to DOJ ("February 26 Letter"). In the February 26 Letter, the Secretary contradicted his earlier statement, stating "no clear legal duty exists requiring my office to disclose" the requested data, and that his office would not provide it. *See id*.

**COUNT ONE**

**VIOLATION OF THE CIVIL RIGHTS ACT OF 1960, 52 U.S.C. § 20703**

25.    On September 8, 2025, the Attorney General sent a written demand to the Secretary McGrane to produce specific election records pursuant to 52 U.S.C. § 20703.

**COMPLAINT**                                                                                        6

26.    The written demand "contain[ed] a statement of the basis and the purpose therefor."

52 U.S.C. § 20703.

27.    Secretary McGrane has refused to provide the records requested.

Wherefore, the United States respectfully requests this Court:

A.    Declare  that Secretary McGrane's refusal to provide the election records upon a demand by the Attorney General violates Title III of the Civil Rights Act as required by 52 U.S.C. § 20703;

B.    Order Secretary McGrane to provide to the Attorney General the current electronic copy of Idaho's computerized voter registration list, with all fields, including each registrant's full name, date of birth, residential address, and either their driver's license number, the last four digits of their Social Security number, or HAVA unique identifier as required by 52 U.S.C. § 21083 within five (5) days of a Court order.

C.    Order Secretary McGrane to produce such other federal records demanded by the Attorney General to ascertain Idaho's compliance with HAVA.

D.    Order such relief as the interests of justice may require.

DATED: April 1, 2026                    Respectfully submitted,

HARMEET K. DHILLON
Assistant Attorney General
Civil Rights Division

ROBERT J. KEENAN
Acting Deputy Assistant Attorney General
Civil Rights Division

**COMPLAINT**                                                                                          7

ERIC V. NEFF
Acting Chief, Voting Section
Civil Rights Division

/s/ *John R. Casali*
JOHN R. CASALI
RAYMOND YANG
Trial Attorneys, Voting Section
Civil Rights Division
4 Constitution Square
150 M Street NE, Room 8.135
Washington, D.C. 20002
Email: john.casali@usdoj.gov
Tel. (202) 316-8087

**COMPLAINT**                                           8

**CERTIFICATE OF SERVICE**

I hereby certify that on April 1, 2026, a true and correct copy of the foregoing document was served via the Court's ECF system to all counsel of record.

/s/ *John R. Casali*
John R. Casali
Trial Attorney, Voting Section
Civil Rights Division
4 Constitution Square
150 M Street NE, Room 8.135
Washington, D.C. 20002
Email: john.casali@usdoj.gov
Tel. (202) 316-8087