| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>Plaintiff,<br><br>v.<br><br>PHILIP MCGRANE, in his Official Capacity as IDAHO SECRETARY OF STATE,<br><br>Defendant. | Case No.: 1:26-cv-00197-BLW<br><br>DECLARATION OF ERIC NEFF IN SUPPORT OF MOTION TO COMPEL PRODUCTION OF RECORDS PURSUANT TO THE CIVIL RIGHTS ACT OF 1960 |

## DECLARATION OF ERIC NEFF IN SUPPORT OF MOTION COMPEL RECORDS DEMANDED PURSUANT TO THE CIVIL RIGHTS ACT OF 1960

I, Eric Neff, declare, pursuant to 28 U.S.C. § 1746, that:

1. I am currently Acting Chief to the Voting Section within the Civil Rights Division of the United States Department of Justice. I am fully and personally familiar with the facts stated herein. I make this declaration in support of the United States' Motion to Compel the production of election records pursuant to the Civil Rights Act of 1960 ("CRA"), codified at 52 U.S.C. §§ 20701, *et seq*.

2. The Help America Vote Act ("HAVA"), 52 U.S.C. § 20901, *et seq.*, requires each state to perform voter-list maintenance to ensure that only eligible voters remain on the statewide voter registration list. Under Section 401 of HAVA, the Attorney General is charged with the responsibility for enforcement of the list maintenance requirements of both statutes. *See* 52 U.S.C. § 21111. This enforcement responsibility has been delegated to the Civil Rights Division by Congress.

3. HAVA requires that "an application for voter registration for an election for Federal office may not be accepted or processed by a State unless the application includes" the applicant's driver's license number or if that is unavailable, the last four digits of the Social Security number. 52 U.S.C. § 21083(a)(5)(A)(i). That information is necessary to identify duplicate registration records, registrants who have moved, registrants who have died, and those who are not eligible to vote in federal elections.

4. To ascertain whether a jurisdiction engages in practices that violate federal law (whether HAVA, the Voting Rights Act, or any other), the Attorney General needs to examine both applications to register to vote and the final voting rolls, including the electronic statewide voter registration list ("SVRL"), so as to assure herself that the applications are being properly processed and that reasonable and nondiscriminatory list maintenance efforts have been practiced.

5. When the Civil Rights Division performs this individualized assessment, Idaho's SVRL is compartmentalized and maintained by the Civil Rights Division separately from the SVRL of any other State. The maintenance, use, and destruction of those records is in full compliance with the requirements in the CRA, Privacy Act, and all other federal laws governing the records.

6. On September 8, 2025, the Civil Rights Division sent a request to Secretary of State Phil McGrane, requesting, *inter alia*, a copy of Idaho's SVRL. The letter explained that HAVA required the SVRL to include registrant's Driver's License number or the last four digits of the Social Security number.

7. The letter also explained that the Attorney General would keep all data received secure and treat it consistently with Section 304 of the CRA and the Privacy Act. The Justice

Department's requests came with instructional information on how the SVRLs should be transmitted securely to the Justice Department by way of encryption.

8. On September 22, 2025, the Civil Rights Division sent the Secretary of State's office a form to provide access to the Judiciary Electronic Filing and Service system. The form was signed and returned.

9. On December 30, 2025, Secretary McGrane responded in a letter stating that further discussions and changes needed to occur before he would be willing to share the requested data.

10. On February 26, 2026, Secretary McGrane refused to provide the data requested by the Attorney General. In particular, he claimed that "no clear legal duty exists requiring" the disclosure of "Idaho's full unredacted voter registration list."

11. True and correct copies of the Justice Department letter dated September 8, 2025; and email dated September 22, 2025; the JEFS form signed by the Secretary's office dated September 22, 2025; and the reply letters by the Secretary dated December 30, 2025, and February 26, 2026, are attached to the United States' Memorandum in Support of Motion to Compel Production of Documents as Exhibits 1–5.

12. Recent enforcement efforts by the Attorney General demonstrate the need for federal scrutiny, as Congress contemplated in authorizing the Attorney General to bring enforcement actions under HAVA.

13. In 2025, North Carolina election officials admitted that the state "maintained and used a HAVA List that includes records that do not comply with the requirements for Federal elections under Section 303(a)(5)." *United States v. N. Carolina Bd. of Elections*, Consent J. & Order at 4 (E.D.N.C. Sept. 8, 2025). Specifically, the State's HAVA List included over one hundred thousand active voter records that were missing one of the identification numbers required

**DECLARATION** 3

by HAVA: the registrant's driver's license number, the last four numbers of the registrant's social security number, or a unique identifying number if the registrant had neither a driver's license nor a social security number. A true and accurate copy of the North Carolina Consent Judgment and Order is attached as Exhibit 6.

14. The United States previously has pursued successful matters, including in litigation, to obtain statewide voter registration lists under Title III of the CRA.

15. For example, in two of those CRA matters against Georgia and Texas, the United States obtained the SVRLs, including drivers' license numbers and last four digits of the registrant's social security number, to evaluate compliance with the National Voter Registration Act, including that Act's list maintenance requirements.

16. The Texas matter was resolved by a Memorandum of Understanding ("MOU") dated May 13, 2008, which required Texas to produce its SVRL to the United States. A true and accurate copy of the Texas MOU is attached as Exhibit 7.

17. A true and accurate copy of the Complaint filed in *United States v. Georgia*, Case No. 1:06-cv-02442-CC (N.D. Ga. filed Oct. 12, 2006), is attached as Exhibit 8.

18. On October 27, 2006, the Court entered a Consent Decree in Georgia requiring the state to produce its SVRL to the United States. A true and accurate copy of the Georgia Consent Decree is attached as Exhibit 9.

19. The United States has offered states an MOU memorializing these requirements. As of April 1, 2026, seventeen states have provided their SVRL including: fourteen states that have provided their SVRLs without any MOU and two states that have agreed to provide their SVRL under the terms of the MOU; and one state provided their SVRL according to a settlement agreement with the United States.

**DECLARATION**                                                                                                    4

I declare under the penalty of perjury that the above statements are true and correct.

Dated: April 1, 2026 at Washington, DC.

 _/s/ Eric Neff_____
Eric Neff