# Exhibit A

Terri R. Pickens (ISB #5828)
**PICKENS LAW, P.A.**
398 S. 9th Street, Suite 240
Boise, ID 83702
terri@pickenslawboise.com
Tel: (208) 954-5090
Fax: (208) 954-5099

David R. Fox*
Christopher Dodge*
James J. Pinchak*
**ELIAS LAW GROUP LLP**
250 Massachusetts Avenue NW, Suite 400
Washington, D.C. 20001
dfox@elias.law
cdodge@elias.law
jpinchak@elias.law
Tel: (202) 968-4490

*Attorneys for Proposed Intervenors*
*\* Pro hac vice application forthcoming*

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| **THE UNITED STATES OF AMERICA**, <br><br> Plaintiff, <br><br> v. <br><br> **PHILIP MCGRANE**, in his official capacity as Idaho Secretary of State, <br><br> Defendant. | Case No.: 1:26-cv-00197-BLW <br><br><br> **[PROPOSED] ANSWER** |

Proposed Intervenor-Defendants NAACP, NAACP Tri-State Conference of Idaho, Nevada, and Utah, and Idaho Alliance for Retired Americans answer Plaintiff's Complaint as follows:

**INTRODUCTION[1]**

1. Paragraph 1 contains legal contentions, characterizations, conclusions, and opinions to which no response is required. To the extent a response is required, Proposed Intervenors admit that the statute and opinion cited contain the quoted text. Proposed Intervenors otherwise deny the allegations.

2. Paragraph 2 contains legal contentions, characterizations, conclusions, and opinions to which no response is required. To the extent a response is required, Proposed Intervenors admit that the statute cited contains the quoted text. Proposed Intervenors otherwise deny the allegations.

3. Paragraph 3 contains legal contentions, characterizations, conclusions, and opinions to which no response is required. To the extent a response is required, Proposed Intervenors admit that the opinion cited contains the quoted text. Proposed Intervenors otherwise deny the allegations.

4. Paragraph 4 contains legal contentions, characterizations, conclusions, and opinions to which no response is required. To the extent a response is required, Proposed

---

[1] These headings are included because they appear in Plaintiff's Complaint and are duplicated to aid and assist comparison between Plaintiff's Complaint and Proposed Intervenors' Answer. They are not factual assertions in and of themselves and accordingly do not require a response. Their reproduction in this Answer should not be understood otherwise, nor should they be understood to make any admission on behalf of Proposed Intervenors.

Intervenors admit that the opinions cited contain the quoted text. Proposed Intervenors otherwise deny the allegations.

## I.   JURISDICTION AND VENUE

5.   Paragraph 5 contains legal contentions, characterizations, conclusions, and opinions to which no response is required. To the extent a response is required, Proposed Intervenors admit that this action arises under federal law and that it is brought by the United States as a Plaintiff. Proposed Intervenors otherwise deny the allegations.

6.   Admitted.

## II.  PARTIES

7.   Paragraph 7 contains legal contentions, characterizations, conclusions, and opinions to which no response is required. To the extent a response is required, Proposed Intervenors admit that this case is brought by the United States but otherwise deny the allegations.

8.   Admitted.

## III.  BACKGROUND

9.   Denied.

10.   Denied.

### A.   The Help America Vote Act.

11.   Paragraph 11 contains legal contentions, characterizations, conclusions, and opinions to which no response is required. To the extent a response is required, Proposed Intervenors admit that the statute cited contains the quoted text. The statute otherwise speaks for itself.

12.   Paragraph 12 contains legal contentions, characterizations, conclusions, and opinions to which no response is required. To the extent a response is required, Proposed

Intervenors admit that the statute cited contains the quoted text but deny that Plaintiff accurately characterizes it.

**B.      The Civil Rights Act of 1960**

13.      Paragraph 13 contains legal contentions, characterizations, conclusions, or opinions to which no response is required. To the extent a response is required, Proposed Intervenors admit that the Civil Rights Act of 1960 grants the Attorney General certain authority to request some records in certain circumstances and otherwise deny the allegations.

14.      Paragraph 14 contains legal contentions, characterizations, conclusions, or opinions to which no response is required. To the extent a response is required, Proposed Intervenors admit that the statute cited requires election officials to preserve certain records for a period of twenty-two months after a federal election and otherwise deny the allegations.

15.      Paragraph 15 contains legal contentions, characterizations, conclusions, or opinions to which no response is required. To the extent a response is required, Proposed Intervenors admit that the statute cited contains the quoted text. The statute otherwise speaks for itself.

**IV.  FACTUAL ALLEGATIONS**

16.      Proposed Intervenors admit that the Assistant Attorney General sent a letter dated September 8, 2025 to Defendant McGrane (the "September 8 Letter"). Proposed Intervenors deny the remaining allegations in Paragraph 16.

17.      Paragraph 17 contains legal contentions, characterizations, conclusions, or opinions to which no response is required. To the extent a response is required, Proposed Intervenors admit that the September 8 Letter included the statement that "[t]he purpose of the request is to ascertain Idaho's compliance with the list maintenance requirements of the NVRA and HAVA," but deny that it stated "the purpose" for the demand as that term is used in the CRA.

3

18. Proposed Intervenors admit that the September 8 Letter requested that Defendant provide a current electronic copy of Idaho's statewide voter registration list containing all fields, including the registrant's full name, date of birth, residential address, his or her state driver's license number or the last four digits of the registrant's social security number. Proposed Intervenors deny that Defendant was required to provide that list and further deny the remaining allegations in Paragraph 18.

19. Paragraph 19 contains legal contentions, characterizations, conclusions, or opinions to which no response is required. To the extent a response is required, Proposed Intervenors admit that the September 8 Letter contains the quoted text and otherwise deny the allegations.

20. Proposed Intervenors admit that the September 8 Letter requested that Defendant provide the requested information and material by encrypted email or via the Department's secure file-sharing system. Proposed Intervenors deny that Defendant was required to provide that information and material.

21. Proposed Intervenors lack sufficient knowledge or information to form a belief as to the truth or falsity of the allegations in Paragraph 21 and therefore deny them.

22. Paragraph 22 contains legal contentions, characterizations, conclusions, or opinions to which no response is required. To the extent a response is required, Proposed Intervenors admit that Defendant McGrane sent the Assistant Attorney General a letter dated December 30, 2025 (the "December 30 Letter"), and that the December 30 Letter contains the quoted text.

23. Proposed Intervenors lack sufficient knowledge or information to form a belief as to the truth or falsity of the allegations in Paragraph 23 and therefore deny them.

24. Paragraph 24 contains legal contentions, characterizations, conclusions, or opinions to which no response is required. To the extent a response is required, Proposed Intervenors admit

that Defendant McGrane sent the Assistant Attorney General a letter dated February 26, 2026 (the "February 26 Letter"), that the February 26 Letter contains the quoted text, that Defendant McGrane has not provided Idaho's unredacted statewide voter registration list to the United States, but Proposed Intervenors deny that such refusal violates any federal or state law.

## COUNT ONE

## CIVIL RIGHTS ACT OF 1960, 52 U.S.C. § 20703

25. Proposed Intervenors admit Plaintiff sent the September 8 Letter to Defendant McGrane but deny that it was a lawful demand under the CRA.

26. Denied.

27. Proposed Intervenors admit that Defendant has refused to provide all records demanded but deny that Plaintiff was entitled to any of the demanded records.

## PRAYER FOR RELIEF

Proposed Intervenors deny that Plaintiff is entitled to any relief in this action, including the equitable and declaratory relief demanded in sub-paragraphs (A)–(D) of the final, unnumbered paragraph.

## GENERAL DENIAL

Proposed Intervenors deny every allegation in Plaintiff's Complaint that is not expressly admitted herein.

## AFFIRMATIVE DEFENSES

1. Plaintiff has failed to state a claim upon which relief can be granted.

2. Plaintiff's claims are barred in whole or in part by equity, including on the basis of laches and unclean hands.

3. Plaintiff has failed to establish entitlement to injunctive relief.

4. The relief sought by Plaintiff is inconsistent with the U.S. Constitution and federal law.

5. Plaintiff lacks authority to bring a cause of action.

## PROPOSED INTERVENOR'S PRAYER FOR RELIEF

WHEREFORE, having fully answered Plaintiff's Complaint, Proposed Intervenors pray for judgment as follows:

A. That the Court dismiss the Complaint;

B. That judgment be entered in favor of Proposed Intervenors and against Plaintiff on Plaintiff's Complaint and that Plaintiff takes nothing thereby;

C. That Proposed Intervenors be awarded reasonable attorneys' fees and costs under any applicable statute or equitable doctrine; and

D. For such other and further relief as the Court deems appropriate.

Dated: April 6, 2026                    Respectfully submitted,

/s/ *Terri R. Pickens*
Terri R. Pickens (ISB #5828)
**PICKENS LAW, P.A.**
398 S. 9th Street, Suite 240
Boise, ID 83702
terri@pickenslawboise.com
Tel: (208) 954-5090
Fax: (208) 954-5099

David R. Fox*
Christopher Dodge *
James J. Pinchak*
**ELIAS LAW GROUP LLP**
250 Massachusetts Avenue NW, Suite 400
Washington, D.C. 20001
dfox@elias.law
cdodge@elias.law
jpinchak@elias.law
Tel: (202) 968-4490

*Attorneys for Proposed Intervenors*
*\* Pro hac vice application forthcoming*