RAÚL R. LABRADOR
ATTORNEY GENERAL

JAMES E. M. CRAIG, ISB #6365
Chief, Civil Litigation and
Constitutional Defense

AARON M. GREEN, ISB #12397
Deputy Attorney General
Office of the Attorney General
P.O. Box 83720
Boise, ID 83720-0010
Telephone: (208) 334-2400
Facsimile: (208) 854-8073
james.craig@ag.idaho.gov
aaron.green@ag.idaho.gov

*Attorneys for Defendant*

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| THE UNITED STATES OF AMERICA,<br><br>*Plaintiff,*<br><br>v.<br><br>PHILIP MCGRANE, in his official Capacity as IDAHO SECRETARY OF STATE<br><br>*Defendant.* | Case No. 1:26-cv-00197-BLW<br><br>**MOTION TO STAY PROCEEDINGS OR IN THE ALTERNATIVE TO EXTEND TIME TO RESPOND TO THE COMPLAINT AND TO ALL PENDING MOTIONS** |

## INTRODUCTION

Defendant Phil McGrane moves[1] the Court to stay proceedings pending the Ninth Circuit's resolution of the consolidated appeals in *United States v. Oregon* and *United States v. Weber* (Nos. 26-1231 & 26-1232) which are scheduled for oral argument in Pasadena, California on May 19, 2026 and will likely provide guidance on the claims brought by the United States in this case. In the alternative, Defendant asks the Court to extend and reset Defendant McGrane's time to respond to the Complaint (Dkt. 1), Plaintiff's Motion to Compel (Dkt. 2), and Proposed Intervenors' Motion to Intervene (Dkt. 4) until no earlier than June 30, 2026.

## LEGAL STANDARD

"[T]he power to stay proceedings is incidental to the power inherent in every court to control the disposition of the cause[] on its docket with economy of time and effort for itself, for counsel, and for litigants." *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936). "A trial court may, with propriety, find it is efficient for its own docket and the fairest course for the parties to enter a stay of an action before it, pending resolution of independent proceedings which bear upon the case." *Leyva v. Certified Grocers of Cal., Ltd.*, 593 F.2d 857, 863 (9th Cir. 1979). In determining whether a stay should be granted, a Count considers "the possible damage which may result from the granting of a stay"; (2) "the hardship or inequity which a party may suffer [if the case is allowed] to go forward"; and (3) "the orderly course of justice measured in terms of the simplifying or complicating of issues, proof, and questions of law which could be expected to result from a

---

[1] Defendant was served on the afternoon of Friday, April 17, 2026, with the summons and complaint. Consequently, this motion comes close to the ECF generated response deadlines for the Motion to Compel (Apr. 22), and Motion to Intervene (Apr. 27). If the Court is inclined to deny the instant motion or ask for a response from the United States or the Proposed Intervenors, Defendant requests that the Court indicate that it will extend the time to respond to the pending motions (Dkt. 2, Dkt. 4) and Complaint for two weeks following the Court's decision on this Motion.

stay." *Lockyer v. Mirant Corp.*, 398 F.3d 1098, 1110 (9th Cir. 2005) (quoting *CMAX, Inc. v. Hall*, 300 F.2d 265, 268 (9th Cir. 1962)).

**ARGUMENT**

A stay is warranted in this case as the consolidated appeals in *Weber* and *Oregon* currently pending in the Ninth Circuit will likely bear on the issues in this case. Here, as in *Weber* and *Oregon*, the United States has brought an action to compel disclosure of unredacted voter rolls, invoking (as in *Weber* and *Oregon*) Title III of the Civil Rights Act of 1960. The district court in both the California and Oregon cases disagreed that Title III supported disclosure, and the parties have briefed the question on appeal. *See* 9CA Case No. 26-1231 Dkt. 41.1 and 9CA Case No. 26-1232 Dkt. 59.1. Thus, the Ninth Circuit's consideration of whether the United States' demands on California and Oregon were permitted by Title III will likely bear on the issues raised in this case.

The *Landis* factors support a stay based on this justification. There is no damage that can result from granting a stay, as this will preserve the status quo—DOJ does not apparently have the records it wants, Secretary McGrane will still have the records he has, and nobody has stated any need for more expeditious proceedings to determine whether Secretary McGrane should give them up. The hardship if the case is allowed to go forward is considerable—the parties will rely heavily on the decisions of five non-binding (though persuasive) district court decisions that have issued concerning nearly identical requests by the United States Department of Justice directed at nearly every state in the country—which were rejected by every district court to rule on the issue.[2]

---

[2] *United States v. Weber*, ___ F. Supp. 3d ____, 2026 WL 118807 (C.D. Cal. Jan. 15, 2026) (California); *United States v. Oregon*, ___ F. Supp. 3d ____, 2026 WL 318402 (D. Or. Feb. 5, 2026); *United States v. Benson*, ___ F. Supp. 3d ____, 2026 WL 362789 (W.D. Mich. Feb. 10, 2026) (Michigan); *United States v. Galvin*, ___ F. Supp. 3d ____, 2026 WL 972129 (D. Mass. Apr. 9, 2026) (Massachusetts), and *United States v. Amore*, ___ F. Supp. 3d ____, 2026 WL 1040637 (D. R.I. Apr. 17, 2026) (Rhode Island).

Whether the Ninth Circuit agrees or disagrees with these cases, the risk is significant that briefing in this case will be rendered irrelevant by the Ninth Circuit's binding decision. It would be better for the parties and the Court to have the Ninth Circuit's authoritative guidance on Title III. Should the Court issue a ruling without this forthcoming guidance, either side might be prejudiced depending on how the Ninth Circuit rules. Finally, the issues will be simplified with the benefit of Ninth Circuit guidance for that same reason—rather than non-binding district court decisions to weigh, the Court will have some framework of binding authority to consider. Thus, the *Landis* factors support a stay.

The Court should stay proceedings, including any response to the Complaint, response to the Motion to Compel, and response to the Motion to Intervene, pending the Ninth Circuit's mandate in the consolidated cases.

In the alternative, should the Court decline to issue a stay of proceedings, the Defendant requests that his current deadline to respond to the Complaint, the Motion to Compel, and the Motion to Intervene be reset to no earlier than June 30, 2026. Extending the briefing schedule will allow counsel to devote the necessary time to this case given the undersigned's responsibilities in other cases, including but not limited to:

1) preparation (including pre-trial deadlines for testimony summaries and proposed findings of fact and conclusions of law due May 11) and participation in the trial beginning June 8, 2026, in *Seyb v. Members of the Idaho Board of Medicine*, No. 1:24-cv-00244-BLW;

2) ongoing briefing on opposing motions for summary judgment in *Matsumoto v. Labrador*, No. 1:23-00323-DKG (a constitutional challenge to Idaho's abortion trafficking statute), responses being due May 7, 2026;

3) an opening brief in the Seventh Circuit appeal *M.H. v. Charron v. World Professional Association for Transgender Health* (7CA Case No. 26-1585) currently due June 4, 2026;

4) further briefing in support of a motion to dismiss and oral argument scheduled in Fourth Judicial District Court, Ada County in *Amos v. Idaho Dep't of Correction et al.* on June 23, 2026; and

5) anticipated further briefing in *Northwest Association of Independent Schools et al. v. Labrador* (consolidated case) 1:24-cv-00335-AKB, on Defendant's Motion to Dismiss certain defendants, filed April 15, 2026.

Counsel for the United States were contacted for their position on a stay of proceedings and indicated that the United States **opposes** a stay in advance of the completion of briefing on the pending motions.[3]

DATED: April 21, 2026

STATE OF IDAHO
OFFICE OF THE ATTORNEY GENERAL


/s/ *Aaron M. Green*
AARON M. GREEN
Deputy Attorney General

*Attorney for Defendant*

---

[3] Counsel separately indicated that briefing on any Motion to Dismiss should be consolidated with a response to the United States' Motion to Compel. Defendant agrees with that approach but will move separately for consolidated briefing in the event this Motion is denied or when the stay is lifted.

<u>CERTIFICATE OF SERVICE</u>

I HEREBY CERTIFY THAT on April 21, 2026, the foregoing was electronically filed with the Clerk of the Court using the CM/ECF system which sent a Notice of Electronic Filing to the following persons:

John R. Casali
john.casali@usdoj.gov
Raymond Yang
raymond.yang@usdoj.gov

*Attorneys for Plaintiff*

Christopher D. Dodge
cdodge@elias.law
David R. Fox
dfox@elias.law
James J. Pinchak
jpinchak@elias.law

Terri R. Pickens
terri@pickenslawboise.com

*Attorneys for Proposed Intervenors*

/s/ *Aaron M. Green*
AARON M. GREEN