UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>PHILIP MCGRANE, in his official capacity as IDAHO SECRETARY OF STATE,<br><br>Defendant. | Case No. 1:26-cv-00197-BLW<br><br>**MEMORANDUM DECISION AND ORDER** |

**INTRODUCTION**

Before the Court is a Motion to Stay Proceedings (Dkt. 13) filed by Defendant Philip McGrane, Idaho Secretary of State. For the reasons explained below, the Court will grant the motion.

**BACKGROUND**

On April 1, 2026, the United States of America filed a complaint against Idaho Secretary of State Philip McGrane for failing to produce voter registration records pursuant to a request under Title III of the Civil Rights Act (CRA) and the Help America Vote Act (HAVA). The United States also filed a Motion for Order to Compel Production of Records.

This lawsuit is one of numerous actions brought by the federal government

across the country demanding the production of unredacted statewide voter registration lists, ostensibly for the purpose of determining states' compliance with federal election law.[1] The United States first contacted Secretary McGrane in September 2025 to request the records. *See U.S. Sept. 8 Letter*, Dkt. 2-1. Secretary McGrane initially stated that Idaho planned to provide the records but wanted to address privacy concerns regarding voter data. *McGrane Dec. 30 Letter*, Dkt. 2-6. The parties continued to communicate, and in February 2026, Secretary McGrane declined the request. *McGrane Feb. 26 Letter*, Dkt. 2-7. He noted that the Department of Justice had recently transmitted sensitive personal information to unauthorized persons, exacerbating voter privacy concerns, and explained that he believed the Department did not have a legal basis for its demand. *Id.* The United States subsequently filed this suit, and the NAACP and Idaho Alliance for Retired Americans moved to intervene as Defendants.

In the meantime, two district courts in the Ninth Circuit ruled against the United States in similar actions. *See United States v. Weber*, 816 F. Supp. 3d 1168 (C.D. Cal. 2026); *United States v. Oregon*, 2026 WL 318402 (D. Or. Feb. 5, 2026). The United States appealed those cases, and the Ninth Circuit ordered expedited

---

[1] *See United States v. Weber*, 816 F. Supp. 3d 1168 (C.D. Cal. 2026); *United States v. Oregon*, 2026 WL 318402 (D. Or. Feb. 5, 2026); *United States v. Benson*, 2026 WL 362789 (W.D. Mich. Feb. 10, 2026) *United States v. Galvin*, 2026 WL 972129 (D. Mass. Apr. 9, 2026); *United States v. Amore*, 2026 WL 1040637 (D. R.I. Apr. 17, 2026).

MEMORANDUM DECISION AND ORDER - 2

briefing. *See United States v. Weber*, No. 26-1232 (9th Cir.); *United States v. Oregon*, No. 26-1231 (9th Cir.). Oral argument was held on May 19, 2026.

Secretary McGrane now moves to stay this case pending the Ninth Circuit's rulings. The United States opposes a stay but agreed to extend Secretary McGrane's response deadline until June 30, 2026. Proposed Defendant-Intervenors do not oppose a stay.

## ANALYSIS

A federal district court has broad discretion to stay an action pending the resolution of other relevant proceedings. *Leyva v. Certified Grocers of Cal., Ltd.*, 593 F.2d 857, 863 (9th Cir. 1979). This authority is pursuant to the court's "power to control its docket and calendar and to provide for a just determination of the cases pending before it." *Id.* at 864. Factors for consideration include (1) "the possible damage which may result from the granting of a stay"; (2) "the hardship or inequity which a party may suffer in being required to go forward"; and (3) "the orderly course of justice measured in terms of the simplifying or complicating of issues, proof, and questions of law which could be expected to result from a stay." *Lockyer v. Mirant Corp.*, 398 F.3d 1098, 1110 (9th Cir. 2005).

A stay is appropriate here. The Ninth Circuit's ruling will almost certainly be dispositive. Based on the expedited briefing schedule, that decision will come soon—perhaps even before Secretary McGrane's June 30 response deadline.

**MEMORANDUM DECISION AND ORDER - 3**

Attempting to brief the present case without a determination by the Ninth Circuit is, frankly, a waste of everyone's time.

On the other side of the ledger, the United States has not identified any concrete damage that will result from pausing these proceedings. The concerns raised about the *Purcell* doctrine—the principle that "federal courts ordinarily should not enjoin a state's election laws in the period close to an election"—are entirely speculative. *See Merrill v. Milligan*, 142 S. Ct. 879, 879 (2022) (Mem.) (Kavanaugh, J., concurring). If the Ninth Circuit does not rule by mid-July, and the United States believes that it will suffer specific harm from a continued stay, the United States may ask this Court to reconsider its decision.

## ORDER

THEREFORE, IT IS HEREBY ORDERED that Defendant's Motion to Stay Proceedings (Dkt. 13) is **GRANTED**. This case is **STAYED** pending a ruling by the U.S. Court of Appeals for the Ninth Circuit in *United States v. Weber*, No. 26-1232, and *United States v. Oregon*, No. 26-1231.



DATED: May 21, 2026

B. Lynn Winmill
U.S. District Court Judge

**MEMORANDUM DECISION AND ORDER - 4**